**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:

LISSETTE ALVAREZ,

    Plaintiff,

vs.

CORNERSTONE RESIDENTIAL MANAGEMENT, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT**

    Comes now, LISSETTE ALVAREZ, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant CORNERSTONE RESIDENTIAL MANAGEMENT, LLC, a Florida Limited Liability Company (hereinafter, "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., and Chapter 760, Florida Statutes (Florida Civil Rights Act or "FCRA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendant in this District; because Defendant, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendant is subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that she was subjected to dismissal from employment based on her disability and/or in retaliation for her request for a reasonable accommodation.

7. Defendant is a Florida Limited Liability Company registered to do business in Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with the ADA, ADAA, and FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about August 11, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was issued a Notice of Right to Sue on April 1, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

## GENERAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a housekeeper from October 6, 2020, until July 15, 2021.

14. On or about June 18, 2021, Plaintiff experienced sharp pain in her stomach and had to go to the emergency room.

15. At the hospital, Plaintiff was diagnosed with acute pancreatitis, symptomatic cholelithiasis, and transaminitis and was ordered to undergo emergency surgery. Plaintiff was hospitalized for three (3) days.

16. Plaintiff notified her direct manager Ivis (LNU) (herein referred to as "Ivis") via text that she was at the hospital and would not be able to work that day.

17. On or about June 19, 2021, Plaintiff was released from the hospital. Plaintiff was ordered by her doctor to rest for a week and return to work with some limitations thereafter.

18. On or about June 21, 2021, Plaintiff provided Defendant with the medical paperwork, which described in detail her medical condition and limitations. At that time Plaintiff requested leave

for a week and then a request to work with limitations thereafter as reasonable accommodations.

19. In response to Plaintiff's request, Ivis told Plaintiff she needed a certification for return to work from her doctor based on her job description before she was able to return to work.

20. On June 28, 2021, based on the job description without any accommodations, Plaintiff's doctor incapacitated Plaintiff and provided a certification that Plaintiff would be able to return to work full duty by on July 19, 2021.

21. On or about July 15, 2021, Plaintiff was terminated. The reason provided by Defendant, that Plaintiff's position was eliminated, is false.

22. Defendant's reasons for terminating Plaintiff are pretextual. Plaintiff was terminated as a result of her condition and within weeks of her reasonable requests for accommodation.

23. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for accommodation and/or disability were a motivating factor(s) in the decision for the adverse employment action.

24. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

25. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## DISABILITY DISCRIMINATION
## UNDER THE ADA AND ADAAA

26. Plaintiff incorporates herein the allegations in paragraphs 1-25, inclusive, as though same were fully re-written, and says:

27. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

28. Plaintiff was at all times qualified to perform the essential functions of her job as a housekeeper with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the (ADAAA), § 101(8) (42 U.S.C. § 12111(8)).

29. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to Plaintiff's termination, was the direct and proximate result of Plaintiff's actual disability and/or Plaintiff's record of having such disability.

30. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination is pretextual and asserted only to cover up the discriminatory nature of its conduct.

31. Even if Defendant could assert legitimate reasons for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability and/or Plaintiff's record of having such a disability was also motivating factor(s) for Defendant's adverse treatment of Plaintiff.

32. As a result of the disparate conduct to which Plaintiff was subjected, including her termination, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement of her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

33. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and the ADAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ivis and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

    **WHEREFORE,** Plaintiff requests judgment against Defendant for:

    A.  Actual damages as a result of Defendant's discriminatory actions;

    B.  Punitive damages due to Defendant's willful behavior;

    C.  Compensatory damages;

    D.  Injunctive relief where feasible;

    E.  Attorney's fees;

    F.  Costs of this action; and

    G.  Any other relief this Court deems proper.

## COUNT II
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

34. Plaintiff incorporates herein the allegations in paragraphs 1-25, inclusive, as though same were fully re-written, and says:

35. Plaintiff was disabled as she was diagnosed with acute pancreatitis, symptomatic cholelithiasis, and transaminitis and underwent two emergency surgeries that left her with physical limitations which substantially limited one or more major life activities to wit – her ability to bend, stand, and lift.

36. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the ADAAA § 101(8) (42 U.S.C. § 12111(8)).

37. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). Plaintiff requested that she have extended time off from work between June 21, 2021, and July 19, 2021, or light duty after June 28, 2021. This request was reasonable and would not have caused Defendant undue hardship.

38. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

39. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of unlawful conduct.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

    A. Actual damages as a result of Defendant's discriminatory actions;

    B. Punitive damages due to Defendant's willful behavior;

    C. Compensatory damages;

    D. Injunctive relief where feasible;

    E. Attorney's fees;

    F. Costs of this action; and

    G. Any other relief this Court deems proper.

**COUNT III**
**VIOLATION OF THE ADA AND ADAAA**
**(RETALIATION)**

40. Plaintiff incorporates herein the allegations in paragraphs 1-25, inclusive, as though same were fully re-written, and says:

41. Plaintiff requested reasonable accommodations on June 18, 2021, and on June 28, 2021, for her disability. These requests were made to Ivis, who knew of Plaintiff's condition.

42. As a result of Plaintiff's requests for reasonable accommodation, she was terminated on July 15, 2021, without valid reason.

43. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ivis and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

44. Defendant's stated reason(s) for terminating Plaintiff is pretextual.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

45. Plaintiff incorporates herein the allegations in paragraphs 1-25, inclusive, as though same were fully re-written, and says:

8

46. Section 760.10 of the FCRA states in relevant part:

    (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

47. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of her actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

48. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

49. Defendant, moreover, failed/refused to reasonably accommodate Plaintiff's actual handicap(s)/disability/disabilities and/or Plaintiff's record of having such a handicap(s)/disability/disabilities as required by law, leading to Plaintiff's termination, despite being presented with a reasonable accommodation by Plaintiff which would not have imposed an undue hardship on Defendant and which would have enabled Plaintiff to perform the essential functions of her position.

50. Defendant's alleged bases for its adverse treatment of Plaintiff, including, but not limited to, Plaintiff's termination, and/or its failure/refusal to reasonably accommodate Plaintiff are pretextual and asserted only to cover up the discriminatory nature of its conduct.

51. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or

9

requests for accommodation were also motivating factors for Defendant's adverse treatment of Plaintiff.

52. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

53. Based on information and belief, Plaintiff alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

54. Plaintiff incorporates herein the allegations in paragraphs 1-25, inclusive, as though same were fully re-written, and says:

55. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

56. Plaintiff requested reasonable accommodations on June 18, 2021, and on June 28, 2021, for her disability. These requests were made to Ivis, who knew of Plaintiff's condition.

57. As a result of Plaintiff's requests for reasonable accommodation, she was terminated on July 15, 2021, without valid reason.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

60. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ivis, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

61. Defendant's alleged reason(s) terminating Plaintiff are pretextual as described above.

62. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability and/or requests for accommodation were a motivating factor in the decision for the adverse employment action(s).

63. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff LISSETTE ALVAREZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: June 23, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


*/s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com